HAXTUN and others *v.* CORSE and others.

A judgment creditor, who proves his debt in bankruptcy in order to oppose the bankrupt's discharge and not with a view to a dividend and succeeds in his opposition, cannot afterwards pursue the bankrupt and his property through a creditor's bill. All the property becomes vested, on the first application of the bankrupt, in the provisional assignee and the proof of debt is an election to come in and the judgment is thereby surrendered— and dividends only can be received.

ON the third day of February one thousand eight hundred and forty-two, the defendant, Barney Corse, presented to the district court of the United States for the southern district of New York, his petition, in due form, for the benefit of the bankrupt act; and, on the fourth day of March following, was duly declared a bankrupt.

Subsequently to this and on the eleventh day of June one thousand eight hundred and forty-two, the complainants filed their bill in this cause, as judgment creditors, having previously recovered judgments upon which executions had

*October 25, 1844.*

*Bankrupt Act.*

*Debtor and creditor.*

.1844.

HAXTUN
*v.*
CORSE.

been issued and returned unsatisfied. The object of the bill was to reach property devised by the will of the father of the debtor—by breaking up the trusts and to have the property applied—not to payment of debts generally—but to the payment of their judgments as debts which had acquired a preference by the filing of the bill.

The defendant interposed a plea of his proceedings in bankruptcy; that the complainants had come in and proved their debts against him; that, by virtue of the § 5 of the bankrupt act, they had waived all right of action and suit against him; and that the judgments they had recovered were to be deemed surrendered thereby.

The complainants filed a replication to the plea, taking issue on it. The defendant having been declared a bankrupt, proceeded to obtain a discharge from his debts. His right to which the complainants contested; and, on a jury trial, the verdict was against him and his discharge was denied.

The complainants, then, filed a supplemental bill, setting forth the fact of the defendant being defeated in obtaining a discharge; and alleging that, although they had proved their debts against him under his proceedings in bankruptcy, such proofs were made, not for the purpose of claiming or securing any dividend, but wholly with a view to oppose and defeat the final discharge of the defendant and which they could not do under the act without proving their debts. They, therefore, insisted that their rights and claim against the defendant in this suit were altogether unaffected by the proceedings in bankruptcy; and that they were entitled to the same relief as if no such proceedings had been instituted.

The defendant interposed a demurrer to this supplemental bill.

Mr. *W. C. Wetmore* and Mr. *Bidwell* in support of the demurrer.

Mr. *Sedgwick*, for the complainants.

*Dec.* 10.      THE VICE-CHANCELLOR :—The demurrer is well taken :

1. Because, by operation of law, on the defendant being decreed a bankrupt, all his rights of property which the original bill and this supplemental bill were designed to reach, were divested and *eo instanti* vested in the assignee: see § 3 of the Bankrupt Act. The bill does not allege that the defendant has become entitled to any property subsequent to the decree declaring him a bankrupt.

2. Because the complainants elected to go in under the bankrupt proceedings and prove their debts; and, although they afterwards succeeded in defeating the defendant's application for a discharge, they are, nevertheless, precluded by the provisions of the § 5 from maintaining any suit at law or in equity for their debt and their judgments are to be deemed surrendered thereby: Prentiss, J. in 5 Law Reporter, 165; and Ware, J. Ib. 227, 228.

3. This § 5 does not involve an absurdity. Creditors may or may not come in and prove their debts. But, if they come in and prove, they become parties to the proceedings; and although they may defeat or prevent the bankrupt's discharge, they can only obtain or claim payment of their debts under and by virtue of the proceedings in bankruptcy. In case they do not prove their debts, they can still come forward as "other persons in interest" and contest the right of the bankrupt to a discharge or, in other words, show cause why his discharge and certificate should not be granted: § 4. If his discharge be refused or denied, the creditors who do not choose to prove and come in under the proceedings for a dividend may pursue their legal remedies against the debtor and compel payment when they can out of his future earnings or acquisition of property.

4. The complainants in this cause are not at liberty to allege that they proved their debts only for the purpose of opposing the discharge and not for the purpose of claiming or receiving dividends. The law gives them no such privilege. It does not allow them to prove their debts conditionally or under protest or qualification or with any reservation: Story, J. 5 Law Reporter, 447, 452.

For these reasons, I am of opinion that the complainants are precluded, by the decree in bankruptcy, which has vested all right of property in question in the assignee from

pursuing the particular property in controversy in this court or elsewhere for their own benefit; and have, moreover, precluded themselves from having any remedy whatever against their bankrupt debtor.

Demurrer allowed, with costs.