## HUMPHREYS *versus* SWETT & al.

Creditors of a certificated bankrupt are not precluded from maintaining a suit against him, upon a demand, which was proveable in bankruptcy, if they succeed in impeaching the discharge, for some fraud or wilful concealment, by the bankrupt, of his property or right of property.

If a creditor, whose claim was proved by him, and was allowed in bankruptcy, would avail himself of any such fraud or wilful concealment, or of any unlawful preference of creditors by the bankrupt, he can do it only by objecting, in the court of bankruptcy, to the granting of a discharge to the bankrupt.

A creditor, after the granting of such a discharge, is precluded by the bankrupt law from maintaining a suit against the bankrupt, upon any claim, which such creditor had proved, and which had been allowed to him in the court of bankruptcy.

ASSUMPSIT, for money paid. Green, one of the defendants, was defaulted. Swett, the other defendant, filed a brief statement of discharge in bankruptcy. The plaintiff, to impeach the discharge, filed specifications of fraud and wilful concealment by the bankrupt, of his property and rights of property, and of unlawful preference of creditors.

On the trial, before HOWARD, J. it appeared that, before the discharge was granted, the plaintiff had proved his claim, and that it had been allowed to him, in the court of bankruptcy.

A nonsuit was ordered, subject to the opinion of the full court.

*G. F. Shepley*, for the plaintiff.

Humphreys *v.* Swett.

The discharge of a bankrupt may be impeached for any fraud or wilful concealment of his property, contrary to the provisions of the bankrupt act, upon notice specifying such fraud or concealment. This may be done at any time subsequent to the granting of the discharge, as well as before. *Vide* Bankrupt Act, § 2 and 4; Chandler's Bankrupt Act, pp. 15, 22, 24.

*S. Fessenden* and *Barrows*, for the defendant Swett.

Tenney, J. The defendant Swett, filed his petition in bankruptcy on Jan. 28, 1843, and obtained his discharge and certificate on June 20, 1848. The plaintiff, as indorser of the defendants, paid the sum of $217,47 before the petition in bankruptcy was filed, and he proved his claim against their estate in bankruptcy, and received a dividend thereon of $84,81. This suit is assumpsit upon the original cause of action. Green, one of the defendants, was defaulted, and Swett, the other defendant, pleads his discharge and certificate as a defence. The plaintiff attempts to avoid the discharge and certificate, by impeaching them on the ground of fraud, unlawful preference, and concealment of property, contrary to the provisions of the bankrupt act, having given in writing notice thereof, specifying such fraud, preference and concealment.

By the bankrupt act of the United States, approved August 19, 1841, in section 4, bankrupts, having complied with the provisions of the act, shall be entitled to a full discharge from all their debts, and a certificate shall be granted accordingly. Such discharge and certificate are not to be granted, until after notice to all creditors, who have proved their debts, and other persons in interest, to appear at a particular time and place, to show cause, why such discharge and certificate shall not be granted; at which time and place any such creditor, or other persons in interest, may appear and contest the right of the bankrupt thereto. And if any such bankrupt shall be guilty of any fraud or wilful concealment of his property, or rights of property, or shall have preferred any of his

creditors, contrary to the provisions of this act, he shall not be entitled to any such discharge, or certificate. Where such discharge and certificate are duly granted, they shall in all courts of justice be deemed a full and complete discharge of all debts, contracts or other engagements of such bankrupt, which are proveable under this act, and shall be and may be pleaded as a full and complete bar to all suits, brought in any court of judicature, whatever, and the same shall be conclusive evidence of itself in favor of such bankrupt, unless the same shall be impeached for some fraud or wilful concealment by him of his property or rights of property as aforesaid, contrary to the provisions of this act.

In the 5th section of the same act, it is provided, that no person coming in, and proving his debt or other claim, shall be allowed to maintain any suit at law or in equity therefor, but shall be deemed thereby to have waived all right of action and suit against such bankrupt.

The decree of discharge, after the notice required, and the subsequent proceedings, made those, who had claims against the bankrupt, proveable under the act, parties to those proceedings, and to the decree. Like all judgments, it is final upon the parties thereto, unless one who would otherwise be affected thereby, can bring himself within any exception to the general effect of the decree, provided by the act. One of these exceptions is, when the discharge and certificate shall be impeached for fraud or wilful concealment of the property or rights of property of the bankrupt. No one, who was a creditor, having a claim provable under the act, at the time of filing the petition by the bankrupt, was precluded from showing such fraud or wilful concealment, as would defeat the bankrupt's petition for discharge, or would vacate it, if obtained, so far as he would be prejudiced by it. If the creditor was one, who came in, and his claim was allowed against the estate of the bankrupt, he was entitled to object to the discharge for all legitimate causes, embracing fraud and wilful concealment; and the fullest opportunity was afforded by the law, for him to do it. But

if he omitted to make objection, or having made it without success, he was debarred from instituting and maintaining a suit upon his debt or other claim, which had been so allowed. It is expressly provided that the allowance of his claim, is a waiver of all right of action and suit against such bankrupt. This disability, however, to show fraud or wilful concealment does not extend beyond those, who have had an allowance of their claims. The act gives to others the right to institute suits upon their demands, and the discharge and certificate, is no defence, if impeached for those causes.

To permit creditors, who had an allowance of their claims against the bankrupt, to institute suits thereon, as they originally existed, and to impeach the discharge and certificate, would in effect secure to them an appeal from the decrees of the bankrupt court, to any court of a State, having jurisdiction of the parties and the original cause of action, where the debtor had not become a bankrupt. This is not consistent with the letter or the spirit of the bankrupt law, and such a construction of its provisions cannot be admitted.

The plaintiff in this case, having proved his claim in bankruptcy, had the opportunity of objecting to the discharge of the bankrupt, for the causes on which he now relies for the impeachment of the discharge. If he did not avail himself of his rights under the bankrupt act, he is not entitled in consequence, to a privilege, which the law does not afford him. If he did object to the discharge, he had a hearing before a court of competent jurisdiction; and the decree of discharge is as to him in the nature of a judgment, and he is concluded by that decree.

Other points were raised, and discussed at the argument, but their consideration is not essential to a final decision of the case. *Nonsuit confirmed.*