JAMES BENNETT & others *vs.* DANIEL GOLDTHWAIT.

Under the bankrupt act, U. S. St. of 1867, c. 176, § 21, the fact that a debt, which would be discharged by the debtor's discharge in bankruptcy, has been proved against his estate, is a bar to a suit on the debt begun before the commencement of the proceedings in bankruptcy.

CONTRACT for goods sold and delivered. The answer alleged that after the issuing of the writ, the defendant was adjudged a bankrupt on his own petition, and the plaintiffs proved the debt declared on against his estate. At the trial in the superior court, before *Rockwell*, J., the plaintiffs admitted that the facts alleged in the answer were true, whereupon the judge ruled that those facts were a defence to the action, and directed a verdict for the defendant, which was returned, and the plaintiffs alleged exceptions.

*I. W. Richardson*, for the plaintiffs.

*S. B. Ives, Jr., & S. Lincoln, Jr.*, for the defendant.

GRAY, J. The existing bankrupt act of the United States provides that "no creditor proving his debt or claim shall be allowed to maintain any suit at law or in equity therefor against the bankrupt, but shall be deemed to have waived all right of action and suit against the bankrupt, and all proceedings already commenced or unsatisfied judgments already obtained thereon shall be deemed to be discharged and surrendered thereby." U. S. St. of 1867, c. 176, § 21.

This provision was not contained in the bankrupt act of 1800 nor in our own insolvent laws, and the decisions under either of those statutes have therefore no bearing upon this case.

A provision substantially similar, derived from the English bankrupt acts, was inserted in the United States bankrupt act of 1841, c. 9, § 5; and its effect was uniformly construed to be that the proof of a debt in bankruptcy was a full and conclusive bar, at least to any action or suit already brought thereon. Prentiss, J., in *Comstock's case*, 5 Law Reporter, 163, 165. Ware, J., in *Everett* v. *Derby*, Ib. 225, 227. Story, J., in *Ex parte Tebbetts*, Ib. 259, 265. *Haxton* v. *Corse*, 4 Edw. Ch. 585, and 2 Barb.

Ch. 506. *Humphreys* v. *Swett*, 31 Maine, 192. *Commercial Bank* v. *Buckner*, 20 How. 108.

There is nothing in the other provisions of the bankrupt act to diminish the effect of this clause, at least as to any debt which would be barred by a discharge under the act. And the next clause in this very section, which provides for the stay of actions to await the determination of the court in bankruptcy upon the question of the discharge, speaks only of a creditor " whose debt is provable," instead of saying generally " any creditor," or mentioning both proved and provable debts, as in the subsequent sections relating to provisions for opposing or annulling the discharge. §§ 31, 34. *In re Needham*, 1 Lowell, 309. It has indeed been held by Mr. Justice Nelson that a judgment obtained upon a debt of a class which by § 33 would not be barred by any discharge under the act (such as a debt created by fraud of the bankrupt, or in a fiduciary relation) was not surrendered by proving the debt in bankruptcy. *In re Robinson*, 6 Blatchf. C. C. 253. But that decision is opposed to the opinion of Mr. Justice Story in *Ex parte Tebbetts*, above cited. And it is not necessary to consider which of the two should be followed, because it does not appear that the plaintiffs' debt was of such a character.

The intention of Congress would seem at least to have been to hold any general creditor, who elects to take the benefit of the commission in bankruptcy, to have thereby abandoned any judicial proceeding already instituted upon the same debt, which might give him a priority or advantage over other creditors as against the bankrupt or his property. Whether a creditor, after proving his claim, and before the question of the bankrupt's discharge has been passed upon by the court in bankruptcy, can bring a new suit against the bankrupt, is a question not now before us. *Exceptions overruled.*