## WILLIAM M. COOK *vs.* JOHN E. COYLE.

A creditor, by proving his debt in bankruptcy, defeats, by force of § 21 of the bankrupt act, his suit for the debt pending in a state court.

CONTRACT. The defendant filed a supplemental answer, in which he averred that since the filing of his former answer he had been adjudged a bankrupt. At the trial in the Superior Court, before *Pitman*, J., the plaintiff relied on an auditor's report. The defendant objected to its admission because it appeared by it (and it was admitted to be a fact) that, prior to the hearing before the auditor, proceedings in bankruptcy had been commenced and were then pending against his estate; and that he had contended before the auditor that the hearing could not be lawfully proceeded with, because it was a " proceeding in the case," and

within the prohibition of § 21 of the act of Congress of March 2, 1867. The court overruled the objection, and permitted the report to be given in evidence.

It was admitted that proceedings in bankruptcy were commenced by the petition of the defendant June 14, 1870; that he was adjudged a bankrupt on that day; that the first meeting of creditors was held July 24, 1870; that no subsequent meetings were called or held, and no steps taken by the debtor to procure his discharge; and that March 11, 1871, the judge of the District Court where the proceedings in bankruptcy were pending permitted the plaintiff, who had proved his claim against the estate of the bankrupt, to withdraw his claim.

The defendant asked the court to instruct the jury: " 1. That if the defendant is in bankruptcy, the rights of the plaintiff (if he had any) are suspended, and no evidence will justify a verdict for the plaintiff. 2. That if the plaintiff has proved, or attempted to prove, his claim in this action against the estate of the defendant under the bankrupt laws of the United States, then he cannot withdraw his claim from the courts having jurisdiction in bankruptcy, and he is barred from prosecuting his action or seeking his remedy in this court. 3. That the United States District Court has no authority to allow a claim proved in bankruptcy to be withdrawn. 4. The auditor's report in this action is not evidence to be considered by the jury."

But the court declined to give these instructions, and ruled that the plaintiff was not precluded from proceeding in this suit by reason of the proceedings in bankruptcy, because it appeared to the court that there had been " unreasonable delay on the part of the bankrupt in endeavoring to obtain his discharge." The defendant thereupon, not desiring to contest the plaintiff's claim upon its merits, submitted to a *pro formâ* verdict for the plaintiff, and the case was by consent reported to this court for its revision in matters of law. If there was error in the rulings or in the refusals to rule of the judge, such disposition of the case was to be made as law might require; otherwise, a judgment, either general or special, as the court might direct, was to be entered upon the verdict.

*H. J. Fuller & B. K. Lovatt,* (*E. H. Bennett* with them,) for the defendant.

*J. C. Blaisdell,* for the plaintiff.

WELLS, J. The bankrupt law of the United States, § 21, provides, " That no creditor proving his debt or claim shall be allowed to maintain any suit at law or in equity therefor against the bankrupt, but shall be deemed to have waived all right of action and suit against the bankrupt ; and all proceedings already commenced, or unsatisfied judgments already obtained thereon, shall be deemed to be discharged and surrendered thereby." The two paragraphs next following in the same section relate to claims provable, but not proved, in bankruptcy.

Congress being vested with the power to establish " uniform laws on the subject of bankruptcies throughout the United States," these provisions must be held to apply to proceedings in state courts as well as to those in the courts of the United States.

The statute is explicit that all proceedings already commenced shall be deemed to be discharged and surrendered thereby. The fact of proof in bankruptcy defeats and annuls the suit and the attachment made therein. Whether the withdrawal of the claim in bankruptcy, with the permission of the judge of the District Court, would restore the creditor to his right of action upon the original claim, in case of no discharge, we need not decide, because it does not arise in this case. He surrendered his right to prosecute this action when he proved his claim and procured it to be allowed in the District Court of the United States under proceedings in bankruptcy. *Bennett v. Goldthwait,* 109 Mass. 494.

There must accordingly be *Judgment for the defendant.*