Hon. JAMES BARRETT,
Hon. HOYT H. WHEELER,
Hon. HOMER E. ROYCE, } Assistant Judges.
Hon. TIMOTHY P. REDFIELD,
Hon. JONATHAN ROSS,

---

The Brandon Manufacturing Company *v.* A. A. Frazer & Co.*

*Bankruptcy.*

Plea in bar that since the commencement of suit, the defendants had been adjudged bankrupts, and the plaintiff had proved its debt in bankruptcy, and that the bankruptcy proceedings were still pending. *Held*, bad on general demurrer.

Assumpsit upon two promissory notes. The writ was dated November 18, 1870. The defendants pleaded the general issue, and a special plea in bar, that on the 29th of said November, involuntary proceedings in bankruptcy were instituted against them, wherein such proceedings were had that on the 7th of January,

---

*This case was argued at the February term of the supreme court in Rutland county, and re-argued at this term.

1871, they were adjudged bankrupts, and an assignee appointed, and that afterwards the plaintiff proved its debt against them in bankruptcy, and that the bankruptcy proceedings were still pending. General demurrer to the special plea, and joinder.

The court, at the September term, 1873, Rutland county, WHEELER, J., presiding, by agreement of parties, sustained the demurrer, *pro forma*, adjudged said plea insufficient, and rendered judgment for the plaintiff; to which the defendants excepted.

*Prout, Simons & Walker*, for the defendants.

It will be observed that the penalty provided by the first clause of § 21 of the Bankrupt Act, is limited to the case of a creditor "*proving* his debt." Such a creditor becomes a party to the bankruptcy proceedings by his voluntary election to prove his debt therein, and having thereby initiated new proceedings for the recovery of his claim, is to be considered as having "waived all right of action and suit against the bankrupt," and to have " discharged and surrendered" " all proceedings already commenced thereon." These provisions are addressed to, and to be enforced by, state courts as well as by bankruptcy tribunals. *In re Rosenberg*, 8 Bank. Reg. 81; *in re Metcalf et al.* 2 Benedict, 78; *Samson* v. *Burton*, 4 Bank. Reg. 1; *Cragin* v. *Thompson*, 2 Dillon, 515. That clause of § 21 is followed by others, providing for the case of all creditors whose debts are *provable*. They may be restrained by the bankrupt court on the application of the bankrupt, from prosecuting any suit at law or in equity therefor, to await the determination of the bankruptcy court on the question of discharge. But when a debt has been *proved*, the case is otherwise. The law forbids a creditor to seek a dividend and also retain his pending suit. *Bennett* v. *Goldthwait*, 109 Mass. 494; *Ansonia Brass & Copper Co.* v. *New Lamp Chimney Co.* 53 N. Y. 123; *in re Robinson*, 6 Blatchf. C. C. 252. The bankrupt law of 1841 contained a similar provision in almost identical language. *Haxton* v. *Corse*, 2 Barb. Ch. 506; Owen Bank. 205, 206, appendix 55.

In a suit at law, the only manner in which the rights of the bankrupt in the premises can be enforced, is by plea. 109 Mass.

12

494; 1 Chit. Pl. 657. The case is entirely analogous to that of a former adjudication, or the decision of a tribunal competent to judge between the parties, voluntarily submitted to, though not in a formal suit, *Newcomb* v. *St. Peter's Church*, 2 Sanf. Ch. 636; or the frequent case of a temporary disability to sue. And the plea is also proper, considered as a plea to the jurisdiction, which is extinguished in the state court when the creditor proves his debt in bankruptcy. *Samson* v. *Burton et al.*, *supra.*

*Briggs & Ormsbee* and *E. J. Phelps*, for the plaintiff.

The plea is bad. Neither the adjudication in bankruptcy, nor the proving of the debt in suit by the plaintiff, constitutes a bar to the further maintenance of the action, that can be pleaded by the bankrupt. Such a bar can only arise from a final discharge. This is the true intent of the bankrupt act, when all its provisions are regarded.

Upon the language of § 21 of the act, it is plain that it was not the intention of the act to take away all right of action for provable debts; because, in that construction, there would be nothing left for the second and third clauses of the section to act upon. It is equally clear, in view of the provisions of the act relative to the final discharge of the bankrupt, which may or may not be granted by the court according as the case may require, that it could not have been intended to make the mere proof of a debt by a creditor, operate as a discharge and a bar to a suit upon the debt, while the bankrupt may never obtain a discharge at all. Yet that would be the precise result of the construction of the first clause, for which the defendants contend. All these clauses must therefore be taken together. And so taken, they mean that ordinary suits shall be stayed, except to the extent of ascertaining the amount due. And such proceedings only are discharged, as seek to operate wholly on property of the bankrupt previously acquired. Such is the construction that has been given to the act. *Hoyt* v. *Freel*, 4 Bank Reg. 34, cited in Bump Bank. 384; *World Company* v. *Brooks*, 4 Bank Reg. 146; *in re* Rosenberg, 2 Ib. 81.

Even if the effect of the proving of the debt in this is, to ter-

minate the action, the plea in bar can not be sustained. The remedy of the defendants would be by a motion for a discontinuance or dismissal of the suit. A plea in bar relates only to matters of defence existing when the action was commenced. If even a legal defence arises afterwards, as by payment or release, it must be pleaded *puis darrein continuance ;* and upon such a plea being filed, the plaintiff has a right to discontinue the suit, without costs. This is not such a plea. The effect of this plea, if sustained, would be to bar not only this action, but all future right of action for the debt, and to cause judgment against the plaintiff for all the costs in the suit, as well as those accrued before as after the proof of the debt.

The opinion of the court was delivered by

WHEELER, J. The first clause of the 21st section of the Bankrupt Act of 1867, as it stood before the late amendments, and when the judgment under revision was rendered, provided, " That no creditor proving his debt or claim shall be allowed to maintain any suit at law or in equity therefor against the bankrupt, but shall be deemed to have waived all right of action and suit against the bankrupt; and all proceedings already commenced, or unsatisfied judgments already obtained thereon, shall be deemed to be discharged and surrendered thereby." These provisions standing alone would be very direct and effective against maintaining any suit against a bankrupt upon a debt proved against his estate. But they are to be read in connection with the other provisions of the act, and not alone, and their effect is to be determined from the meaning of the whole. The act provides for a discharge to bankrupts, excluding corporations and joint stock companies ; and also provides what the effect of the discharge shall be when granted. If the proceedings terminate without a discharge, the bankrupt is liable to a judgment *in personam* upon any cause of action that existed before the bankruptcy, and is liable to have it satisfied out of his after-acquired property. *Fisher* v. *Currier*, 7 Met. 427 ; *Haxton* v. *Corse*, 2 Barb. Ch. 506. This applies as well to proved debts as to those that are provable and not proved, and shows that proof of debts does not merge nor extinguish

them, absolutely, but only so suspends their vitality that no action can be carried to final judgment upon them during the pendency of the bankruptcy proceedings. The proof of debts must generally, if not always, precede the granting of a discharge; and full effect could not be given to the rights of a creditor to prove his debt and also to proceed against after-acquired property in case no discharge should be granted, if the bankrupt could, during the pendency of the proceedings in bankruptcy, that might terminate in a discharge and might not, plead the proof of the debt as a full bar to an action upon it.

The English bankrupt acts, 49 G. 3, 121, s. 14, provided that it should not be lawful for a creditor who had brought an action against a bankrupt upon a provable debt, to prove it, " without relinquishing such action," and that the proof of such debt should be " deemed an election by the creditor to take the benefit of the commission with respect to the debt so proved or claimed." In an action on such a debt, the bankrupt pleaded the proof of the debt in bar, and the plea was held good, and judgment rendered for the defendant. *Read* v. *Sowerby*, 3 Maule & Selw. 78. Afterwards the same question came before the King's Bench again upon a similar plea, and notwithstanding the case of *Read* v. *Sowerby*, it was held that the plea was not a good bar. BEST, J., said : " To make it a good bar, the debt must be extinguished. Now here there was no extinguishment of the debt; for if the commission had been superseded, the party would clearly have had a right to bring an action. The proper course in such a case for the party to pursue is, either to apply to the chancellor to expunge the debt, or to the court in which the action is brought to stay the proceedings." *Harley* v. *Greenwood*, 5 B. & Ald. 95.

Under the Bankrupt Act of 1841, which contained similar provisions, it was held, according to some authorities, that proof of a debt merely, was not a bar to the claim. *Haxton* v. *Corse, supra*. The same doctrine has been held in several cases under the present act. *In re Rosenberg*, 2 Bank. Reg. 81 ; 8 Am. Law Reg. N. s. 242 ; *Hoyt et al.* v. *Freer et al.* 4 Bank. Reg. 34 ; Bump. Bank. 375. On this argument, the late case of *Bennett et al.* v. *Goldthwait*, 109 Mass. 494, where it appears to have been held that

proof of a debt in bankruptcy was a full defence to an action pending upon it at the time of proof, has been cited in behalf of the defendant, and carefully examined, on account of the great consideration always due to decisions of that court. That decision appears to have been largely made on the authority of some cases under the act of 1841, in which the learned judges in deciding them, enunciated or gave countenance to such views; but an examination of those cases shows that this question was not directly involved in any of them. In one of them, *Comstock's* case, 5 Law Reporter, 163, the question was whether a bankrupt in custody on a close-jail execution, was entitled to release on proof of the debt against his estate; and what PRENTISS, J., said, was upon that question, in holding that he was entitled to be immediately discharged from that custody. In another, *Everett* v. *Derby*, 5 Ib. 225, the point was, whether the pendency of a suit on one demand, would prevent the plaintiff in that suit from proceeding in bankruptcy against the defendant on another demand; and the remarks of WARE, J., were made upon that question. In another, *Humphreys* v. *Scott*, 31 Me. 192, the effect of a discharge, and not that of proof of a debt in bankruptcy, was involved. Notwithstanding the great respect to which the decisions of the court that made, and the opinions of the learned judge that pronounced, the decision in *Bennett et al.* v. *Goldthwait*, are justly entitled, that decision, considered with the others that have been mentioned, does not satisfy this court that the construction there put upon that part of the Bankrupt Act is the correct one. No other case in which mere proof of a claim has been held to be a good bar, has been produced in argument, and none other has been discovered, except *Read* v. *Sowerby*, before mentioned. *Ansonia Brass & Copper Co.* v. *New Lamp Chimney Co.* 53 N. Y. 123, has been referred to as impliedly giving countenance to such a plea by a bankrupt person, by holding that it would be bad for a bankrupt corporation, because the corporation could not be discharged. And Mr. Justice NELSON appears to have held that proof of a debt of a class that, under sec. 33, would not be barred by a discharge, would not be a bar to a suit upon the debt. *In re Robinson*, 6 Blatchf. C. C. 253. But a person adjudged a bank-

rupt may not be discharged from any debts. Corporations are not distinguished from persons, nor debts not barred by discharge from those that are, in sec. 21 ; and if proof of a debt would not be a bar for a defendant that could not be .discharged, it should not be for one who might not be discharged, while the question of discharge is pending. This sec. 21 does make a distinction between creditors who prove their debts and those who do not; but not such as to show that the debts of the former are barred without a discharge, and of the latter, not. The act as it stood before late amendments, left liens by attachment that should be four months older than bankruptcy proceedings, unimpaired by the proceedings, if the creditor should choose to stand upon his attachment. Sec. 14. And if the creditor chose to so stand, he could have a judgment to hold the property attached, although the bankrupt should obtain and plead his discharge in bar of the action. *Stoddard* v. *Locke*, 3 Vt. 574. The intention of the act seems to have been, that an ordinary creditor who had commenced suit, should not have the benefit of such a lien, and also prove his debt and share with the other creditors in the rest of the estate ; and the distinction made in sec. 21, between those who prove their debts and those who do not, and providing that all previous proceedings and unsatisfied judgments therein, of a creditor who proves his debt, shall be surrendered and discharged by the act of proving it, appears to have been made to carry out that intention. *Comstock's* case, *supra*. The previous proceedings of a creditor proving his debt, so far as they can in any way affect the estate of the bankrupt, are, doubtless, by the mere act of proof, discharged and surrendered ; but the debt itself remains, as well as that of a creditor who does not prove, to await the result of the proceedings in respect to discharge. The debt, therefore, should not be barred by a judgment for the defendant upon a plea of proof of it merely, but should be held in suspension until the termination of the proceedings in respect to the discharge, one way or the other.

The plea in this case sets forth proof of the debt merely, and is pleaded in bar of the action. The *pro forma* judgment that the plea was insufficient, was correct.

On motion of the defendants, the judgment is reversed, *pro forma*, and the cause remanded, with leave to withdraw the demurrer, and replead on the usual terms.