## DANIEL S. A. VALPEY *vs.* JACOB C. REA.

Essex. Nov. 9, 1877. — Feb. 11, 1878. MORTON & SOULE, JJ., absent.

Under the bankrupt act, U. S. St. March 2, 1867, § 21, a creditor, by proving a debt in bankruptcy, is not debarred from bringing an action thereon, after the bankrupt has been refused a discharge.

CONTRACT upon promissory notes and upon an account annexed. Writ dated July 24, 1873. Answer, that, before the date of the writ, the defendant was duly adjudged a bankrupt under the bankrupt laws of the United States, and that the plaintiff proved against his estate in bankruptcy the debts sought to be recovered in this action, and that those debts were due from the defendant to the plaintiff at the date of the commencement of the proceedings in bankruptcy.

At the trial in the Superior Court, before *Gardner*, J., without a jury, the defendant offered to prove, and the plaintiff admitted, the facts alleged in the answer, and that the defendant's discharge in bankruptcy was opposed by the plaintiff and was refused by the District Court of the United States before this action was brought. The judge ruled that these facts would not

be a defence to the action, and gave judgment for the plaintiff. The defendant alleged exceptions.

*W. S. Knox*, for the defendant.

*C. G. Saunders*, (*D. Saunders* with him,) for the plaintiff.

GRAY, C. J.   The defendant relies upon that provision of the bankrupt act, by which it is enacted that " no creditor proving his debt or claim shall be allowed to maintain any suit at law or in equity therefor against the bankrupt, but shall be deemed to have waived all right of action and suit against the bankrupt; and all proceedings already commenced, or unsatisfied judgments already obtained thereon, shall be deemed to be discharged and surrendered thereby." U. S. St. March 2, 1867, § 21. U. S. Rev. Sts. § 5105. This provision must be applied, according to its terms, to actions brought before proof of the plaintiff's claim in bankruptcy. *Bennett* v. *Goldthwait*, 109 Mass. 494. *Cook* v. *Coyle*, 113 Mass. 252.

But it cannot be held to apply to actions brought after the plaintiff has proved his claim and the defendant has been refused a discharge in bankruptcy, without taking away the principal force of the subsequent provisions of the bankrupt act, which require notice of the bankrupt's application for a discharge to be given " to all creditors who have proved their debts ; " which allow " any creditor opposing the discharge " to have a trial upon his objections thereto ; and which enact that a discharge in bankruptcy duly granted shall, with certain limitations, release the bankrupt from all debts and claims " which were or might have been proved against his estate in bankruptcy; " and that any creditor " whose debt was proved or provable against the estate in bankruptcy " may, by application within two years to the court which granted the discharge, contest its validity, and have it annulled, on proof that it was fraudulently obtained. U. S. St. March 2, 1867, §§ 29, 31, 34. U. S. Rev. Sts. §§ 5109, 5111, 5119, 5120. There would be little reason for giving notice to creditors who have proved their debts, and allowing such creditors to oppose and contest the validity of the discharge, or for enacting that the discharge should release the bankrupt from all claims proved against his estate, if the mere proof of a claim was of itself a bar to any subsequent action thereon, without regard to the question whether the bankrupt had or had not obtained a discharge.

The provision relied on must, in our opinion, be held to be so far controlled by these other provisions of the bankrupt act, that it must receive the same construction as has since been declared by the supplemental act of June 22, 1874, § 7, namely: " But a creditor proving his debt or claim shall not be held to have waived his right of action or suit against the bankrupt where a discharge has been refused or the proceedings have been determined without a discharge."

*Exceptions overruled.*