NATHAN B. GOODNOW *vs.* CALVIN A. HILL & wife.

Suffolk.   Nov. 12. — 13, 1878.   COLT, MORTON & SOULE, JJ., absent.

If, in an action on a joint promissory note against husband and wife, the plaintiff discontinues as to the husband by reason of proceedings in bankruptcy against him and proof of the note against his estate, he is entitled to prosecute his action to judgment against the wife.

The admission of evidence, which is excluded as soon as it appears to be incompe-tent, with a strict caution to the jury not to regard it, affords no ground of excep-tion.

On the issue whether certain notes were given in payment of another note or as col-lateral security, there was evidence that such notes were sold, but it did not ap-pear that they were sold before the maturity of the principal debt.   The judge instructed the jury that the giving and acceptance of such notes were *primâ facie* evidence of payment, but it was for them to say whether, upon all the evidence, they were received in payment.   *Held*, that there was no ground of exception.

Under the St. of 1874, *c.* 184, a promissory note made by a married woman jointly with her husband, the consideration for which was borrowed money paid by her direction to her husband, binds her; and the fact that a portion of such money was previously advanced to the husband, to which the wife subsequently assented, is immaterial.

A point not taken at the trial is not open upon a bill of exceptions.

CONTRACT on the following promissory note signed by a hus-band and wife : " $600.   Boston, March 28, 1876.   One month after date we promise to pay to the order of N. B. Goodnow six hundred dollars value received at any bank in Boston.   Due May 1."   Writ dated October 20, 1876.

At the trial in the Superior Court, before *Rockwell*, J., the defendants moved for a continuance to await the result of bank-ruptcy proceedings still pending in the United States District Court against the husband.   The plaintiff thereupon discontin-ued the action as to him, and proceeded against the wife.   It was admitted that the husband was, in December, 1876, adjudi-cated a bankrupt on his petition filed in November, 1876 ; and that at the first meeting of his creditors the plaintiff duly proved against his estate the note in question.   The wife asked the

judge to rule, upon the above facts, that the plaintiff could not recover, because he had voluntarily discontinued as to one of the joint makers, and because the plaintiff had proved the note in question in bankruptcy as above. The judge refused so to rule.

The wife also offered evidence tending to show that her husband had, on or about May 20, 1876, given to the plaintiff two notes signed by himself, one for $600, payable in four months, and one for $85, or $110 as bonus and interest, in payment and satisfaction of the note in suit. The plaintiff then offered evidence tending to show that the $600 note of May 20 was given as collateral security for the note in suit, and for his accommodation and not as payment; that he had the note of May 20 discounted, and received the proceeds, but had to take it up at maturity; but that there was no sale under the provisions of the statutes as to sale of pledges. The wife contended that the sale of the note of May 20 was *primâ facie* evidence that it was received by the plaintiff in payment of the note in question; but the judge refused so to rule.

The husband was a witness for the wife; and the plaintiff, to affect his credit, offered to show that he had been convicted of committing an abortion, and for that purpose introduced evidence that an indictment had been found against him for such offence. It appeared from the record that the indictment was laid on file, and that the husband had never been found guilty nor pleaded guilty on such charge. This evidence was all excluded, and the jury were cautioned by the judge not to regard it.

The wife also asked the judge to rule that the giving of the notes of May 20, 1876, and their acceptance by the plaintiff, were *primâ facie* evidence that they were given in payment of the note in question. The judge ruled that it was *primâ facie* evidence; but, as there was other evidence also bearing upon that point, that it would be for the jury to find whether or not they were received in payment on all the evidence; that there was no evidence in the case tending to show that the husband had ever been convicted of any criminal offence; that if the note in question was given for the husband's debt, the wife was not liable in this action, unless the plaintiff, with the burden of proof upon him, had satisfied the jury that she knew that the consideration

of the note was borrowed money; and that if, on the day it was borrowed, the note was signed by the husband and wife, and the wife then directed the plaintiff to pay the money to the husband, the wife was liable upon the note. It appeared that when the wife and husband met the plaintiff, the sum lent was paid by the plaintiff to the husband, excepting $150, which, in the forenoon of the same day, had been advanced by the plaintiff to the husband, at his request, to take up a note of his due that day. The judge ruled that if the jury were satisfied that at the meeting of the husband and wife with the plaintiff, in the afternoon, the wife assented to this advance, as well as directed the payment of the balance to the husband, the fact of the advancement of the $150 was immaterial.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*G. W. Searle & J. L. Eldridge*, for the defendant.

*J. M. Way*, for the plaintiff.

GRAY, C. J. The proceedings and proof in bankruptcy against the husband might bar the action against him. *Bennett* v. *Goldthwait*, 109 Mass. 494. *Valpey* v. *Rea*, 124 Mass. 99. But the plaintiff, upon discontinuing against him, was entitled to prosecute the action to judgment against the other defendant. Gen. Sts. *c.* 133, § 5; *c.* 129, § 41; *c.* 156, § 2. *Goodnow* v. *Smith*, 18 Pick. 414. *Hathaway* v. *Crocker*, 7 Met. 262, 268.

The evidence introduced to show the conviction of the husband, in order to impeach his credibility as a witness, having been excluded by the court as soon as it appeared to fall short of proving the conviction, and the jury having been strictly cautioned not to regard it, its introduction is no cause of exception. *Hawes* v. *Gustin*, 2 Allen, 402.

The judge having instructed the jury that the giving and acceptance of the subsequent notes were *primâ facie* evidence of payment of the note in suit, and having submitted the question of payment to the jury upon all the evidence, there is no just ground of exception upon that question. If the subsequent notes were taken as collateral security, it does not appear, and is not to be presumed, that they were sold before the maturity of the principal debt, in violation of the Gen. Sts. *c.* 161, § 65. *Norcross* v. *Pease*, 5 Allen, 331.

As to the liability of the wife upon the note in suit, the instructions given to the jury were quite favorable enough to her, upon the questions presented at the trial. *Major* v. *Holmes*, 124 Mass. 108. *Kenworthy* v. *Sawyer*, *ante*, 28. The point, suggested on the brief of her counsel, that, if she was a surety for her husband, the proof, against his estate in bankruptcy, of the note in suit operated as a surrender of the notes held as collateral security, and so released her from liability, does not appear to have been made in the court below, and therefore is not open in this court. *Exceptions overruled.*