SARAH P. ROBINSON *vs.* WILLIAM W. EDWARDS.

Kennebec. Opinion July 21, 1879.

*Evidence. Practice.*

In trespass against an officer for seizing and selling the plaintiff's goods on an execution against another person, the officer's return on the execution is not admissible evidence for the defendant to prove the amount and value of the goods taken.

In such action, mortgages of the same property by the execution debtor to other parties are not admissible.

A point not taken at the trial is not open on a bill of exceptions.

ON MOTION AND EXCEPTIONS.

TRESPASS for taking and carrying away a stock of boots, shoes and leather, of the alleged value of $534.53, claimed by the plaintiff. Date of writ, September 13, 1876. The defendant justified as a deputy sheriff under a writ in favor of the *Waterville Bank* v. *Isaac Robinson & another*, from whom the plaintiff acquired her title.

The officer's return on the execution issued upon the judgment in the action above named was offered by the defendant to show the amount of the goods taken and their value as ascertained by the sheriff's sale on the execution, but was excluded. The defendant also offered a record of a foreclosure of a mortgage of the goods from Isaac Robinson & another to one Frye, made

April 25, 1876, which was objected to and excluded. Also mortgage from the same persons to Waterville Savings Bank, dated August 22, 1870, and assignment of the same to Baker & Baker July 6, 1877, and foreclosure by the assignees, which were excluded. Also record of a mortgage from the same parties to Waterville Savings Bank, May 21, 1873, and assignment to Baker & Baker July 6, 1877, and foreclosure of the same by the assignees, which were excluded.

The verdict was for the plaintiff for $543.62. The defendant seasonably filed a motion to set the verdict aside as against law and evidence and the weight of evidence, and alleged exceptions.

*Baker & Baker*, for the plaintiff.

*F. A. Waldron*, for the defendant, contended that partnership creditors have a priority over private creditors. Lind. Part. 877. 9 Maine, 28. 20 Maine, 91. 68 Maine, 78. 6 Mass. 242.

By uniting plaintiff's two claims she has lost all claim to compensation from the assets of the firm until the creditors of the firm have been paid in full. 2 Comst. 262. 52 Barb. 26. 4 Maine, 400. 5 Maine, 471. 23 Maine, 22. 34 Maine, 273. 40 Maine, 528. 63 Maine, 318.

Mortgaging partnership property by Isaac Robinson to secure his private debt was outside the partnership business, a fraud upon creditors of the firm as well as the other partner, and void as to both. Lind. Part. 223. Gow Part. 58. Story Part. 190–210, and notes. Bayley Bills (4 ed.) 47. 3 Kent Com. 42. 1 East, 49. 13 East, 175. 2 Esp. R. 524, 731. 2 Caines, 246. 2 Johns. 300. 4 Johns. 251. 16 Johns. 34. 19 Johns. 154. 11 Wend. 75. 1 Wend. 529. 3 Pick. 5. 5 Pick. 412. 7 Pick. 542. 10 Pick. 147. 12 Peters, 229. 10 Paige, 170. 5 Mason, 176. 4 Maine, 84. 31 Maine, 454. 50 Maine, 442. 58 Maine, 415. 67 Maine, 499.

The mortgage was given with intent to defraud, hinder and delay creditors, and was received by this plaintiff for the purpose of aiding and assisting therein. 7 Maine, 252. 14 Maine, 104. 44 Maine, 11. 4 Cush. 446. 7 Met. 520.

If this formed any part of her motive in taking the mortgage, it is void as to creditors. 44 Maine, 11.

There was a secret trust to enable mortgagors to settle with their creditors, which renders the mortgage void. 23 Maine, 221. 11 N. H. 460. 20 Johns. 5.

Plaintiff gave no answer to notice of attaching officer, as required by the revised statutes. R. S., c. 81, § 43.

The return of the officer on execution in original suit should have been received to show amount of goods taken, and also as the best evidence of their value which it was possible to obtain.

The intent to defraud, hinder and delay the creditors of Isaac Robinson & Co. on the part of the plaintiff was a material issue on the trial of the case. The foreclosure of the mortgage from Ann C. Robinson and Isaac Robinson to Frye, and the assignments of savings bank mortgages to Baker & Baker and foreclosure of the same, being similar transactions, and, under the peculiar circumstances of the case, tending to show fraud, should have been admitted. 4 Maine, 172, 306. 12 Maine,.515. 17 Maine, 341. 32 Maine, 55. 48 Maine, 322. 113 Mass. 384. 11 Cush. 213.

They were ruled out as too remote in point of time, but no rule has ever been established in regard to time. The question in this case is, " did the evidence offered tend to prove the intent of the party ? " Defendant claims that it did, and hence should have been admitted. 3 Greenl. Ev., § 15. Ros. Crim. Ev. (3 Am. ed.) 99. 11 Cush. 213.

Fraud is a conclusion to be deduced not merely from events but from their relation to each other. To separate them is to deprive them of their legitimate effect. 23 How. 187. 8 Wheat. 173. 24 Conn. 94. 13 N. H. 270.

APPLETON, C. J. This is an action of trespass for taking and carrying away a stock of boots and shoes belonging to the plaintiff. The defendant justifies as a deputy sheriff having a writ in favor of the *Waterville Bank* v. *Robinson & another*, from whom the plaintiff acquired her title.

The jury by their verdict have established the plaintiff's title to the property in dispute.

Exceptions are filed to rulings of the justice presiding at *nisi prius.*

I. The returns of the officer on the execution in the original action were offered in evidence by the defendant to show the amount of goods and their value, as ascertained by the sheriff's sale on the execution, but they were ruled out.

This ruling was correct. The execution would show the amount of the goods returned thereon, but it would not show that more goods had not been taken.

The plaintiff, at all events, was entitled to recover the fair market value of the property at the time and place of its taking. What that was could not be shown by an officer's return of the price which articles seized brought at a forced sale on execution at public auction months after the original attachment.

II. The mortgages offered in evidence, from Ann C. Robinson and Isaac Robinson to the Waterville Savings Bank, and their assignment to Baker & Baker, were matters *inter alios,* and they should not in any way injuriously affect the plaintiff's rights. They were properly excluded.

III. The evidence is fully reported upon the motion for a new trial. The points raised in argument were not presented at *nisi prius,* or, if they were, no exceptions have been taken to the rulings of the justice presiding in relation thereto. *Goodnow* v. *Hill,* 125 Mass. 587. In either case the defendant has no cause of complaint. He should have raised the questions now presented, and if he did, and the rulings were unsatisfactory, he should have excepted thereto.

There was contradictory evidence. The integrity of the plaintiff's claim was impeached. The decision of her title was submitted to a jury under instructions to which no exceptions have been taken, and with rulings, so far as disclosed, which are unexceptionable.

*Exceptions and motion overruled.*

WALTON, BARROWS, DANFORTH, LIBBEY and SYMONDS, JJ., concurred.