CALEB R. HILL *vs.* WHIPPLE V. PHILLIPS.

A disability to sue "happening by an invincible necessity" is like a disability expressly excepted from the statute of limitations.

Under the Revised Statutes of the United States, §§ 5105, 5106, a creditor, after proving his claim against the bankrupt, may bring action upon the claim by writ of summons, and may, unless stayed by an order of the court in bankruptcy, prosecute the action to any stage short of final judgment.

Hence, when a creditor proved his claim in bankruptcy, but did not bring suit until a discharge in bankruptcy had been refused:

*Held,* that the statute of limitations was a good defence.

ASSUMPSIT. On demurrers to the replications.

*February* 3, 1883. CARPENTER, J. This is an action of the case on promises. The pleas are the statute of limitations and the general issue. To the pleas of the statute the plaintiff replies: *first,* that the defendant was adjudged bankrupt July 7, 1875, and the plaintiff proved the claim here sued July 26, 1875, and that the court in bankruptcy thereafterwards adjudged that the defendant was not entitled to his discharge; and *second,* as in the first plea, setting out in addition the words of section 5105 of the Revised Statutes of the United States. To these replications the defendant demurs.

The plaintiff contends that the time during which he was by law prohibited from suing his claim is not to be reckoned into the period fixed by the statute of limitations. We think he is right. The rule to be deduced from the cases ancient and modern is that a disability "happening by an invincible necessity" constitutes an exception from a statute of limitations, and is to be taken to have the same effect as those disabilities which are expressly excepted from the statute. *Hanger* v. *Abbott,* 6 Wall. 532.

We are, however, of opinion that the section of the bankrupt act on which the plaintiff relies did not disable him to sue for the causes of action set up in his declaration.

The bankrupt act approved 19th August, 1841, contained the following clause, substantially the same as the first clause of section 5105 of the Revised Statutes :

" No creditor or other person coming in and proving his debts or other claim shall be allowed to maintain any suit at law or in equity therefor, but shall be deemed thereby to have waived all right of action and suit against such bankrupt ; and all proceedings already commenced, and all unsatisfied judgments already obtained thereon, shall be deemed to be surrendered thereby."    5 U. S. Stat. at Large, 440, 445.

This section, taken in connection with the sections providing for the distribution of the bankrupt estate and for the discharge of the bankrupt, was so construed as to prohibit only such suits or proceedings as were inconsistent with the election by the creditor to obtain satisfaction of his debt under the bankrupt proceedings ; such, for instance, as proceedings by attachment against the property which passed under the assignment.    *Haxtun* v. *Corse*, 2 Barb. Ch. 506, 530 ; *Hamlin* v. *Hamlin*, 3 Jones Eq. 191.

We think the section 5105 of the Revised Statutes should be construed in the same way.    The obvious intent of the act would otherwise be perverted in an important particular.    The act provides that creditors proving their debts may oppose the discharge of the bankrupt, and may afterwards dispute the validity of the discharge for certain specified causes.    The act must be so construed as to give effect to these provisions ; and they certainly can have no effect if we adopt the literal interpretation of the section under consideration, and hold that the act of proving the debt is a bar to any action thereon.    There could be no advantage gained by preventing or impeaching the discharge, unless the creditor would thereby be left free to collect his debt from the property which the bankrupt should afterwards acquire.    It must be borne in mind that the words of the section, taken literally, forbid not only the commencement but also the prosecution of all suits ; and if that literal meaning be modified as above indicated, the statute as we construe it will permit, under the limitations there indicated,

the commencement, and to a certain extent the prosecution, of suits commenced by summons only. The provisions of section 5106 apply to debts provable and proved as well as to debts provable but not proved, and that section prescribes, by implication, to what extent such suits may be prosecuted. We think they may be commenced after the debt is proved, and may be prosecuted to any stage short of final judgment, unless stayed by an order of the court sitting in bankruptcy. *Hoyt* v. *Freel*, 4 Nat. Bank. Reg. Rep. 1st ed. 34, 2d ed. 131 ; *Brandon Manufacturing Co.* v. *Frazer*, 47 Vt. 88 ; *In re Davis*, 1 Sawyer, 260. The contrary view seems to be taken by Judge Blatchford, *In re Myers*, 2 Benedict, 424 ; but that case was decided two years before the earliest of the cases above referred to, and, so far as appears by the opinion, was decided solely on the verbal interpretation of the section in question, without reference to the argument drawn from the general frame and purpose of the act. In *Smith* v. *Soldiers' Business Messenger and Dispatch Co.* 35 N. J. Law, 60, the court held on demurrer to a plea setting up proof of debt that the right of action was not destroyed by the act of the creditor in proving his debt. In this view of the section, the amendatory act passed 22d June, 1874, after the decisions to which we have referred, must be taken to declare rather than to change the true intent of the act as originally passed.

The demurrers will therefore be sustained.

*Demurrers sustained.*

*Benjamin N. Lapham*, for plaintiff.
*Dexter B. Potter*, for defendant.