## In re BATES.

### (District Court, D. Vermont. February 15, 1900.)

1. BANKRUPTCY—PROVABLE DEBTS—EFFECT OF INSOLVENCY PROCEEDINGS.

Where proceedings in insolvency against a partnership and the individuals composing it were begun in a state court before the passage of the bankruptcy act, and remained pending at the time one of the partners was individually adjudged bankrupt, but no discharge had been granted or applied for under the state law, *held*, that a debt of the partnership was provable in the bankruptcy proceedings, notwithstanding the fact that it had been proved and allowed in the insolvency proceeding, and that there were assets of the firm for distribution in the state court; but such debt could not share in the individual assets of the bankrupt until his separate creditors had been paid.

2. SAME—PARTNERSHIP DEBTS.

A partnership debt on which a bankrupt partner remains liable is none the less provable against his estate because there may be no surplus of his individual assets over his separate debts. The provability of a debt depends on the nature of the liability, not on the existence or the prospect of assets for its satisfaction.

In Bankruptcy. On review of decision of referee in bankruptcy on allowance of claims.

Fred M. Butler, for trustee in bankruptcy.
Charles L. Howe, creditor, pro se.

WHEELER, District Judge. The bankrupt appears to have been a member of the firm of A. C. Bates & Son, which was adjudged

insolvent by the state court on proceedings commenced January 5, 1897, which included the bankrupt individually, and are still pending, and in which no discharge appears to have been applied for. A partnership claim and an individual claim allowed there have been presented with proof for allowance here. The individual claim has been allowed because there were no substantial individual assets, and the partnership claim has been disallowed because there were substantial partnership assets, for distribution in the state proceedings. Petitions for review of these decisions have now been heard together. The bankrupt act provides by the last clause that "proceedings commenced under states insolvency laws before the passage of this act shall not be affected by it"; by section 5a, that "a partnership during continuance, or after dissolution and before final settlement, may be adjudged a bankrupt"; and by section 5e, that: "The net proceeds of the partnership property shall be appropriated to the payment of the partnership debts, and the net proceeds of the individual estate of each partner to the payment of his individual debts. Should any surplus remain of the property of any partner after paying his individual debts such surplus shall be added to the partnership assets, and be applied to the payment of the partnership debts." While the bankrupt act so recognizes such proceedings pending in state courts, and provides for their continuance without interference, it regards them as to what has been and what may be done in them, which would include granting discharges from all debts proved or provable by resident creditors, if applied for. In Manufacturing Co. v. Frazer, 47 Vt. 88, proof of a debt in bankruptcy was pleaded in bar, and the effect of it was considered. The conclusion reached on examination of authorities was that, "if the proceedings terminate without a discharge, the bankrupt is liable to a judgment in personam upon any cause of action that existed before the bankruptcy, and is liable to have it satisfied out of his after-acquired property." And the plea was overruled with a suggestion that the remedy of the bankrupt would be in a stay of proceedings pending a discharge. The bankrupt is yet liable jointly with the other partner for all of the partnership debts not satisfied out of the partnership property, and individually for all of his individual debts not satisfied out of his own property. These are all provable against his estate here. As no discharge appears to have been applied for there, none appears to be pending to wait for. The creditors cannot apply for one, and the bankrupt has no interest to do so, for a discharge here would include all that would be affected by one there. The unsettled partnership being recognized by the bankrupt law, although proceedings in regard to it are pending there, the individual assets may have to be applied to individual debts to the exclusion of partnership debts till after the individual debts are all paid, and there may never be anything whatever to go to the partnership creditor; but his debt is none the less provable. Whether a debt is provable depends upon the nature of the liability, and not upon whether there are assets, or there is any prospect of assets, applicable to it. This partnership debt is a simple contract debt of the partnership, and a simple contract liability of the bank-

rupt, and the individual debt is a similar liability, and both are of the provable class. Allowance of individual claim affirmed; disallowance of partnership claim reversed, and it is allowed as such.