A. H. OSBORN v. JACOB D. FENDER.[1]

January 16, 1903.

Nos. 13,255—(193).

**Federal Bankrupt Act—Prior Assignment under State Law.**

> Subdivisions "a" and "b," § 70, of the national bankrupt act of 1898 construed, and *held*: "Proceedings commenced" do not refer to special actions or litigation growing out of the insolvency, but to the commencement of proceedings to subject an insolvent estate to the administration of the court. The bankrupt act did not suspend state insolvency laws in respect to an estate, where insolvency proceedings had been commenced prior to its passage. A voluntary assignment, under the state laws, by the insolvent, is the commencement of such proceedings.

**Jurisdiction of State Court.**

> The subsequent filing of a petition in bankruptcy, the administration of the estate in that court, and the insolvent's discharge as a bankrupt, do not deprive the state court of jurisdiction to entertain a suit by the assignee or receiver previously appointed by it to recover property fraudulently conveyed or concealed.

Appeal by defendant from an order of the district court for Rock county, P. E. Brown, J., sustaining a demurrer to a part of defendant's answer. Affirmed.

*N. R. Reynolds* and *Homer H. Keith,* for appellant.

*E. H. Canfield* and *M. W. Chunn,* for respondent.

LEWIS, J.

This action was brought by the receiver of one Kirkham, insolvent, to recover the value of certain property alleged to have been misappropriated by appellant, formerly the assignee of Kirkham, but who had been removed, and succeeded by respondent.

Among other things, appellant answered by alleging that subsequent to the time he was removed as assignee, and respondent appointed in his place, and prior to the commencement of this action, Kirkham filed his petition in bankruptcy in the United States district court, and thereafter such proceedings were taken

[1] Reported in 92 N. W. 1114.

that he was adjudged a bankrupt, his estate administered, and he was discharged from all his debts and liabilities as such bankrupt. To this part of the answer respondent demurred upon the ground that it did not state sufficient facts to constitute a defense.

The proceedings in insolvency having been commenced in the state court prior to the filing of the petition in bankruptcy, the question arises, was the state law with reference to insolvency suspended, and were the state courts deprived of jurisdiction, and consequently has respondent authority to maintain this action? The question is answered by the national bankrupt act of 1898, subdivisions "a" and "b," § 70 [U. S. Comp. St. 1901, p. 3452], which read as follows:

"The Time When This Act shall Go into Effect.

"(a) This act shall go into full force and effect upon its passage: provided, however, that no petition for voluntary bankruptcy shall be filed within one month of the passage thereof, and no petition for involuntary bankruptcy shall be filed within four months of the passage thereof.

"(b) Proceedings commenced under state insolvency laws before the passage of this act, shall not be affected by it."

It is clear from this enactment that it was not the intention to supersede the jurisdiction of the state courts, where, prior to its passage, steps had been taken in such courts towards the ad· ministration of insolvent estates. One month is expressly given after the passage of the act before voluntary petitions, and four months before involuntary petitions, may be filed; and such limitation, in connection with the express proviso that proceedings commenced in insolvency shall· not be affected, makes it positive that the word "proceedings" was not employed with reference to specific litigation or actions in some particular matter pending the insolvency administration, but that it refers to the commencement of proceedings to establish the fact of insolvency in the state court: The making of an assignment for the benefit of creditors is such a proceeding. This is the view various federal courts have taken. In re Bates (D. C.) 100 Fed. 263; In re Mussey (D. C.) 99 Fed. 71; also Lavender v. Gosnell, 43 Md. 153, and the supreme court of Nebraska in Hood v. Blair, 91 N. W. 701.

The insolvency proceedings in the state court never having been closed, respondent still being the duly appointed and authorized receiver and successor to appellant, the former assignee, and such proceedings having been begun in the state court prior to the filing of the petition in bankruptcy, it follows that the state court was never deprived of its jurisdiction, and that respondent has authority to maintain this action. The question of concurrent jurisdiction under certain circumstances, and whether the creditors surrendered jurisdiction to the federal court, is not involved in this case. So far as appears from the pleadings, the matter in controversy was not adjudicated in the bankrupt court.

Order affirmed.